**WANG LABORATORIES, INC.,**
**Plaintiff–Appellee,**

v.

**APPLIED COMPUTER SCIENCES,**
**INC., James Abbenhaus and Rodger**
**D. Noel, Defendants–Appellants.**

No. 91–1284.

United States Court of Appeals,
Federal Circuit.

March 11, 1992.

fendants-appellants. With him on the brief, was Todd A. Richardson.

Before ARCHER, LOURIE and ALARCON,* Circuit Judges.

LOURIE, Circuit Judge.

This case is an appeal from the March 21, 1991 decision of the United States District Court, District of Massachusetts, granting Wang Laboratories, Inc. summary judgment to enforce an unexecuted settlement agreement. *Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.,* 741 F.Supp. 992 (D.Mass.1990). Because we find that Wang was not entitled to summary judgment as a matter of law, we reverse.

## BACKGROUND

Wang and Applied Computer Sciences, Inc. (ACS) manufacture and market data processing systems. Initial litigation between the parties concerned Wang's U.S. Patent 4,145,739 ('739 patent) and its potential infringement by ACS. In settlement of the litigation, Wang agreed to grant ACS three limited licenses under the '739 patent; the court entered a consent judgment holding the patent valid and infringed by ACS and permanently enjoining ACS from infringing, contributorily infringing, or inducing infringement of the patent.

Later that year, Wang became concerned that ACS was violating the terms of the consent judgment and license agreements. In December 1986, Wang filed a complaint against ACS for breach of contract, and it separately moved the court to order ACS to show cause why it should not be held in contempt of the consent judgment in the original infringement suit. The court issued the order to show cause and consolidated the two cases for a joint trial. In a subsequent order, the court scheduled the joint trial for Monday, April 25, 1988.

On Thursday, April 21 and Friday, April 22, 1988, the parties and their counsel met

Paul F. Ware, Jr., Goodwin, Procter & Hoar, Boston, Mass., argued, for plaintiff-appellee. With him on the brief, were Anthony S. Fiotto and Michael J. Tuteur.

Jack R. Pirozzolo, Willcox, Pirozzolo & McCarthy, Boston, Mass., argued, for de-

* The Honorable Arthur L. Alarcon, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

to "exhaust the possibilities of settlement before trial." Shortly before the Clerk's office closed on Friday, April 22, in the presence of ACS's counsel, Wang's counsel telephoned the clerk to report that the parties had agreed to settle. On April 26, the court entered a conditional order of dismissal which did not incorporate the parties' settlement agreement, but provided that the action was "hereby dismissed without costs and without prejudice to the right upon good cause shown to reopen the action by 5–26–88 if settlement is not consummated."

The outcome of these two meetings was a draft settlement agreement dated April 25. However, neither party signed the April 25 draft settlement agreement. Negotiations between the parties continued throughout the summer. By joint motions of the parties, the time to request reopening was expanded three times, through September 15, 1988. Neither party sought to expand the time to reopen, or moved to reopen the case, beyond September 15.

In February 1989, Wang filed a motion to vacate the order of dismissal, and in April 1989, Wang filed a motion to enforce settlement of the unexecuted April 25 draft agreement. The district court granted Wang's motion to vacate the dismissal order for the limited purpose of considering Wang's motion to enforce, and it treated Wang's motion to enforce as a motion for summary judgment. Furthermore, the district court judicially estopped ACS from claiming that settlement was not reached on April 22, 1988. The district court granted summary judgment to enforce the unexecuted April 25 draft settlement agreement. ACS appealed the district court's decision to the Court of Appeals for the First Circuit. The First Circuit remanded the appeal to the district court for compliance with Fed.Rule of Civ.P. 58, and directed the parties that subsequent notices of appeal must be filed with this court. ACS then appealed here.

## ISSUES

1. Whether the district court's jurisdiction to enforce the parties' settlement agreement was based on 28 U.S.C. § 1338 and whether this case is properly before this court.

2. Whether the district court erred in:
(A) judicially estopping ACS from claiming that settlement was not reached on April 22, 1988 and
(B) granting Wang summary judgment to enforce the unexecuted April 25 draft settlement agreement.

## DISCUSSION

### A. *Jurisdiction*

The Federal Circuit has "exclusive jurisdiction of an appeal from a final decision of a district court ..., if the *jurisdiction* of that court was based, in whole or in part, on section 1338 of this title." 28 U.S.C. § 1295(a)(1) (1982) (Emphasis added). As we stated in *Woodard v. Sage Products, Inc.*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987), this court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it. Although in some matters of procedural law we have followed the law of the circuit in which the district court sits, on issues of our own appellate jurisdiction, such deference is inappropriate. *Id.* However, we look for guidance in the decisions of the applicable regional circuit as well as those of other circuits. *Id.* See also *Sun–Tek Industries, Inc. v. Kennedy Sky Lites, Inc.*, 856 F.2d 173, 175–76, 8 USPQ2d 1154, 1156 (Fed.Cir.1988).

The basis for a district court's jurisdiction to enforce a settlement agreement which was not incorporated into the final judgment of the court varies among the circuits. *Joy Mfg. Co. v. National Mine Service Co., Inc.*, 810 F.2d 1127, 1128, 1 USPQ2d 1627, 1628 (Fed.Cir.1987). The district court may *retain* jurisdiction from the original action, or it may need an independent basis for jurisdiction. *Compare Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371–72 (6th Cir.1976), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976) (district court retains jurisdiction from the original action) *with Fairfax Countywide Citizens Assoc. v. Fairfax*

*County,* 571 F.2d 1299, 1303 (4th Cir.1978), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978) (district court must have an independent basis for jurisdiction). In its order dismissing ACS's appeal and remanding the case to the district court for compliance with Federal Rule of Civil Procedure 58, the First Circuit court determined that the Federal Circuit would have exclusive jurisdiction of any new and timely notices of appeal. *Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.,* 926 F.2d 92, 96 (1st Cir.1991). It based its decision on the district court's inherent jurisdiction and its retention of its original jurisdiction arising under 28 U.S.C. § 1338 to permanently enjoin ACS from infringing Wang's patent. *Id.* at 94. *See also United States v. Baus,* 834 F.2d 1114, 1127 (1st Cir.1987) (power to enforce settlement has basis in the policy of favoring settlement of disputes and avoiding costly and time-consuming litigation); *Dankese v. Defense Logistics Agency,* 693 F.2d 13, 15–16 (1st Cir.1982) (court retains inherent power to enforce settlement agreement entered into by parties to an action pending before the court).

Adhering to the principles of law of the case as set out in *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 819, 7 USPQ2d 1109, 1117 (1988) (if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end), we see no reason to disturb the First Circuit's adoption of the *Aro* rationale which would make 28 U.S.C. § 1338 the basis for the district court's jurisdiction over Wang's motion to enforce. Accordingly, we determine that the district court's judgment is appealable to this court and that we have jurisdiction of the appeal.

B. *Judicial Estoppel*

■ Having determined the district court's jurisdiction and hence ours, we must then decide the choice of law question regarding ACS's challenge to the district court's use of the doctrine of judicial estoppel. In reviewing procedural matters that do not pertain to patent issues, we adjudicate the rights of the parties in accordance with the applicable regional circuit law.

*Panduit Corp. v. All States Plastic Mfg. Co.,* 744 F.2d 1564, 1575, 223 USPQ 465, 472 (Fed.Cir.1984). *See also Water Technologies Corp. v. Calco, Ltd.,* 850 F.2d 660, 665 n. 3, 7 USPQ2d 1097, 1101 n. 3 (Fed. Cir.1988). Since the question whether judicial estoppel applies is not peculiar to patent law, we follow First Circuit law here.

■ The doctrine of judicial estoppel is the general proposition that

where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position.

*Davis v. Wakelee,* 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578 (1895). The First Circuit recognizes the doctrine of judicial estoppel. *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208, 212 (1st Cir.1987). It employs the doctrine when a litigant is "playing fast and loose with the courts," and when "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *Id.* (quoting *Scarano v. Central R. Co.,* 203 F.2d 510, 513 (3d Cir.1953)). In order to be subject to judicial estoppel, a party, having obtained a litigation benefit, must have attempted to invoke the authority of one tribunal to override a bargain made with another. *United States v. Levasseur,* 846 F.2d 786, 793 (1st Cir.1988) (further defining doctrine of judicial estoppel adopted in *Patriot Cinemas*).

■ The district court here determined that the April 22 representation by the parties that they had agreed to settle the case meant that ACS and Wang had reached agreement on all substantive issues involving the underlying litigation. Consequently, the court determined that ACS' contradictory position that the parties had not reached settlement on April 22 was an "unabashed pursuit of the main chance." To protect the integrity of its own processes, the court found that ACS had received the litigation benefit of having avoided the risk of trial. As a result, the

court estopped ACS from claiming that settlement was not reached on April 22.

ACS argues that it did not obtain a litigation benefit. We agree. Judicial estoppel is intended to protect the integrity of the judicial process. *Patriot Cinemas,* 834 F.2d at 214. By informing the clerk's office that it intended to settle the litigation, ACS was not playing "fast and loose" with the courts. Wang and ACS equally benefited from the telephone call. ACS sought to avoid a possible contempt judgment and breach of contract and Wang sought to strengthen its position under its patent and license. It is fully understandable that the parties, on the verge of settlement, would seek to avoid the use of possibly unnecessary judicial resources when they thought agreement had been reached. ACS did not attempt to invoke the authority of one tribunal to override a bargain made with another. When each party stated, albeit incorrectly, that agreement was imminent, it was intended to benefit both the parties and the court, not to advantage one party over another. One party should not be judicially estopped when it turns out that such a joint representation was incorrect. Accordingly, the district court erred in judicially estopping ACS from claiming that settlement was not reached on April 22, 1988.

### C. *Summary Judgment*

Having determined that ACS may assert that settlement was not reached on April 22, 1998, we must now determine whether the district court erred in granting Wang summary judgment to enforce the settlement agreement. A district court may grant summary judgment when there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.Rule Civ.P. 56(c). As an independent and alternative ground of decision, the district court held that there were no genuine issues of material fact relating to the existence of the unexecuted April 25 draft settlement agreement, and therefore that Wang was entitled to summary judgment as matter of law. Although we agree with the district court's determination that there are no genuine issues of material fact, we do not

agree that Wang is entitled to judgment as a matter of law.

 The issue we must resolve is whether Wang and ACS should be bound to the terms and conditions of the unexecuted April 25 draft settlement agreement. A district court does not have the power to impose a settlement agreement when there was never a meeting of the minds. *Ozyagcilar v. Davis,* 701 F.2d 306, 308 (4th Cir.1983). *See also Callie v. Near,* 829 F.2d 888, 890 (9th Cir.1987). It does not have the power to make an agreement for the parties or to decide, contrary to the facts and the law, that a draft settlement agreement was binding when the parties did not agree on it. *Ozyagcilar,* 701 F.2d at 308. *See also Callie,* 829 F.2d at 890.

Wang and ACS are corporations that are sophisticated in contractual matters and are represented by competent counsel. They engaged in extended negotiations over multi-page drafts of the settlement agreement with blank lines for the parties' signatures. Under these circumstances, companies do not intend to be bound until such written agreements are executed by authorized representatives. Thus, it is inconceivable that Wang and ACS intended the unexecuted April 25 draft settlement agreement to be interpreted as a binding contract. On three separate occasions, their counsel jointly informed the district court that "settlement of these cases has included the negotiation of a lengthy and detailed settlement agreement which due to conflicts in the parties' schedules, is not yet in final form and has not yet been executed." The 1985 license agreement, which the proposed settlement agreement was to replace, stated that it could not be amended or modified without a signed writing executed by authorized representatives of all parties. The unexecuted April 25 draft settlement agreement contained a similar provision. Thus, it is clear that no reasonable fact-finder could conclude that the parties intended that the agreement would be binding without execution of the documents by both parties. Since Wang and ACS never in fact reached agreement on the terms and conditions of a settlement and never executed the documents, the district court erred in enforcing the draft as

an agreement and thus granting Wang summary judgment.

It is clear from the district court's statement that "it is time these related cases were finally resolved" that the court was frustrated by the parties' inability to achieve a settlement agreement. It stated, "there is respectable authority to the effect that the court now simply wash its hands of the matter." The district court's actions are understandable. However, we do not believe that the parties agreed on a settlement or that, in the absence of that agreement, the court could make an agreement for the parties.

## CONCLUSION

We conclude that the district court erred in granting Wang summary judgment to enforce the unexecuted April 25 draft settlement agreement. We therefore reverse and remand for further proceedings consistent with this decision.

## COSTS

Costs to ACS.

REVERSED AND REMANDED.