**TCBY SYSTEMS, INC., an Arkansas corporation; TCBY Enterprises, Inc., a Delaware corporation, Appellees,**

v.

**EGB ASSOCIATES, INC., a New York corporation; Charles R. Hart, citizen of New York; Donald F. Hart, citizen of New York; Brian Hart, citizen of New York; William D. Hart, citizen of New York, Appellants.**

No. 92–2932.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1993.

Decided Aug. 16, 1993.

Thomas R. Snow, Clifton Park, NY, argued, for appellants.

Kevin A. Crass, Little Rock, AR, argued, for appellees.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

EGB Associates, Inc. and Charles R., Donald F., Brian and William D. Hart (collectively referred to as "EGB") appeal from the district court's judgment enforcing a settlement agreement. We affirm in part and reverse and remand in part.

In April 1991, TCBY Enterprises, Inc. and TCBY Systems, Inc. (collectively referred to as "TCBY") filed suit against EGB alleging Lanham Act violations, unfair competition, breach of contract and guaranty, and failure to pay certain fees owed as franchisees. EGB answered, specifically reserving the right to plead further by amended answer or counterclaim.

On September 18, 1991, Robert M. Cearley, Jr., EGB's attorney, wrote a letter to Kevin Crass, TCBY's attorney, stating: "I am authorized to offer (and do offer) $28,-000.00 in full settlement of all issues between our clients. We are in a position to close this out quickly, if this offer is acceptable." On September 20, Crass responded by letter: "In exchange for mutual releases, TCBY accepts the offer expressed in your letter of September 18, 1991. I will send you a pro-posed release in the next few days." On September 26, Crass sent a proposed settlement agreement with release to Cearley. Crass instructed that, if the agreement was acceptable to Cearley's clients, they should sign it and forward it with the settlement funds. He added: "If the proposed Agreement is not acceptable, please let me know." The agreement required EGB to pay TCBY $28,000.00 and to completely "de-identify" former TCBY stores in accordance with TCBY franchise agreements. The agreement also provided for a release of "all claims and demands of whatever nature [EGB has] or may have had against [TCBY] . . ., including any claims or demands arising out of the actions which are the basis of the claims" in the pending lawsuit.

On November 4, Cearley wrote Crass to confirm their recent telephone conversations in which he had advised Crass that EGB was not willing to execute the release of claims in regard to the settlement. Cearley, however, stated that EGB would agree to the "payment of $28,000 and the dismissal with prejudice of the pending lawsuit." On November 8, Crass replied that if EGB was not willing to sign a standard release, TCBY agreed to "dismissal of the claims in exchange for $28,-000" and attached a proposed order of dismissal to be approved by Cearley on behalf of EGB. The proposed order provided that the district court would "dismiss all claims pending before the Court, and all claims arising out of the transaction or occurrence that is the subject matter of this lawsuit with prejudice."

On December 11, Crass wrote to Cearley inquiring about payment of the settlement funds, noting that Cearley had indicated that EGB "was gathering the settlement funds of $28,000 and that payment could be expected in the near future." On January 2, Crass wrote again and told Cearley that, based on the agreement to settle, TCBY had not conducted discovery and had informed the district court that the case had been settled.

On January 21, 1992, TCBY filed a motion to enforce settlement and attached the above-described correspondence. EGB, represented by new counsel, opposed the motion, asserting that it understood the settle-

ment was to "encompass only the existing claim and at no time envisioned a release of all claims." EGB also requested leave to file an amended answer which included affirmative defenses and counterclaims against TCBY. The proposed counterclaims alleged that TCBY fraudulently induced EGB into entering franchise agreements and breached those agreements.

The district court summarily granted TCBY's motion to enforce settlement, finding that an agreement had been reached on September 20 when Crass accepted Cearley's offer of September 18 to settle "all issues" for $28,000.00. The court entered judgment against EGB for $28,000.00 and ordered EGB to execute the agreement and general release which TCBY had forwarded to Cearley on September 26, but which EGB had rejected.

■ On appeal, EGB argues that the district court erred in granting TCBY's motion to enforce settlement, asserting there was no "meeting of the minds" as to the terms and scope of a settlement agreement. EGB suggests that Crass's reply of September 20 was not an acceptance of Cearley's offer of settlement, but a counteroffer which conditioned the dismissal on execution of mutual releases. EGB notes that in Crass's letter of November 4 TCBY acknowledged and accepted EGB's refusal to execute the settlement agreement and general release. We agree with EGB that Crass's reply was not an acceptance but a counteroffer, which EGB rejected. The district court therefore erred in ordering EGB to execute the draft agreement. A district court "does not have the power ... to decide ... that a draft settlement agreement was binding when the parties did not agree on it." *Wang Lab., Inc. v. Applied Computer Sciences, Inc.,* 958 F.2d 355, 359 (Fed.Cir.1992). Accordingly, that portion of the judgment ordering EGB to execute the draft settlement agreement and release is vacated.

Although we find that the district court exceeded its authority in ordering EGB to execute the agreement and release, we nonetheless find that the parties reached an agreement to dismiss the lawsuit with prejudice. On November 4, Cearley wrote that EGB "agree[d] to the payment of $28,000 and the dismissal with prejudice of the pending lawsuit." On November 11, Crass accepted the offer of "dismissal of the claims in return for $28,000" and forwarded a proposed order of dismissal. The proposed order was not a general release of "all claims and demands of whatever nature [EGB] h[as] or may have had against" TCBY. Rather, the proposed order stated the legal effect of a dismissal with prejudice on a compulsory counterclaim. The order provided for the dismissal of "all claims pending before the Court, and all claims arising out of the transaction or occurrence that is the subject matter of this lawsuit with prejudice." The language of the order tracks Fed.R.Civ.P. 13(a), which provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." [1]

■ On appeal, EGB does not dispute that "[a] dismissal with prejudice has the effect of a final adjudication on the merits." *Nemaizer v. Baker,* 793 F.2d 58, 60 (2d Cir.1986). Nor does EGB dispute that "[a] counterclaim which is compulsory but is not brought is thereafter barred." *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506, n. 1, 41 L.Ed.2d 243 (1974).[2] Instead, EGB appears to argue that at the time it agreed to a dismissal with prejudice it did not understand the preclusive effect of a dismissal with prejudice and only intended to dismiss the complaint.[3] EGB asserts that the district court erred in failing to hold an evidentiary hearing as to its intent and that its misunderstanding is a "mistake" sufficient

---

**1.** We note that Arkansas also has a compulsory counterclaim rule. *See* Ark.R.Civ.P. 13(a).

**2.** EGB appears to characterize its proposed counterclaims as compulsory. We do not decide whether the counterclaims are compulsory or permissive.

**3.** In its correspondence, EGB never proposed reserving any counterclaims. *See Rosebud Sioux Tribe v. A & P Steel, Inc.,* 874 F.2d 550, 553 (8th Cir.1989) (agreement provided that "settlement does not include this counterclaim, and the counterclaim is to be left pending for trial").

to void the agreement.[4]

As a general rule, a "district court must hold an evidentiary hearing ... when there is a substantial factual dispute concerning the existence or terms of the settlement agreement...." *Gatz v. Southwest Bank,* 836 F.2d 1089, 1095 (8th Cir.1988). However, in this case, EGB's misunderstanding as to the legal effect of a dismissal with prejudice does not warrant a hearing. *See id.* (hearing unnecessary on subjective intent as to scope of settlement agreement). Nor is the misunderstanding as to the legal effect of the dismissal sufficient to void the agreement to dismiss the complaint with prejudice. *See id.*

This case is similar to *Nemaizer v. Baker,* 793 F.2d at 63. In *Nemaizer,* the parties agreed to dismiss a pending suit with prejudice. Six months later the plaintiff filed a second suit. The district court indicated that the suit was subject to dismissal on res judicata grounds. The plaintiff filed for relief from the dismissal under Fed.R.Civ.P. 60(b), arguing that counsel in the original action did not understand the res judicata effect of the dismissal. The district court granted the motion, finding "a genuine misunderstanding had occurred concerning the stipulation's scope." *Id.* at 60. The Second Circuit reversed. The court found that counsel's misunderstanding could not void the agreement, even though "the consequences of entering into [the] agreement were not fully weighed" and "the choice was poor." *Id.* at 62. The court held that the dismissal with prejudice "served notice that basic res judicata principles would bar future actions." *Id. See also Samuels v. Northern Telecom, Inc.,* 942 F.2d 834, 837 (2d Cir.1991) ("res judicata may not be avoided on the basis of ... an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice"); *Citibank v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1504 (2d Cir.1990) ("it is clear that Data Lease did not intend that the stipulated dismissal with prejudice would constitute a final judgment of a particular issue ... [but] that intent does not eliminate

the res judicata or claim preclusion effect ... of the final judgment").

In conclusion, we hold that EGB agreed to dismiss the lawsuit with prejudice for $28,-000.00. Accordingly, we affirm that portion of the district court's judgment against EGB for $28,000.00. We, however, reverse and vacate that portion of the judgment requiring EGB to execute the draft settlement agreement and release, which EGB had expressly rejected, and remand with directions to the district court to enter a dismissal with prejudice.

---

4. On appeal, EGB also challenges Cearley's authority to settle. Because EGB did not raise this issue in the district court, we do not address it on appeal.