# United States Court of Appeals for the Federal Circuit

---

**SPEEDTRACK, INC.,**
*Plaintiff-Appellant*

**v.**

**AMAZON.COM, INC., DELL, INC., BESTBUY.COM, LLC, OFFICEMAX, INC., MACY'S, INC., MACYS.COM, LLC, OVERSTOCK.COM, INC., RECREATIONAL EQUIPMENT, INC., IMEDIA BRANDS, INC., FKA VALUE VISION INTERNATIONAL, INC., DBA SHOPNBC.COM, B&H FOTO & ELECTRONICS CORP.,**
*Defendants-Cross-Appellants*

**HP INC., FKA HEWLETT-PACKARD COMPANY, J&R ELECTRONICS, INC., NA TECH DIRECT, INC., POCAHONTAS CORP, SYX NORTH AMERICAN TECH HOLDINGS LLC, NA TECH COMPUTER SUPPLIES INC., BARNESANDNOBLE.COM, LLC, BARNESANDNOBLE.COM, INC., SYSTEMAX, INC.,**
*Defendants*

---

2020-1573, 2020-1660

---

Appeals from the United States District Court for the Northern District of California in No. 4:09-cv-04479-JSW, Judge Jeffrey S. White.

---

Decided:  June 3, 2021

_____

ALAN PETER BLOCK, McKool Smith Hennigan, P.C., Los Angeles, CA, argued for plaintiff-appellant.  Also represented by JOHN BRUCE CAMPBELL, JAMES ELROY QUIGLEY, McKool Smith, P.C., Austin, TX.

CARTER GLASGOW PHILLIPS, Sidley Austin LLP, Washington, DC, argued for all defendants-cross-appellants.  Defendants-cross-appellants Amazon.com, Inc., Dell, Inc., BestBuy.com, LLC also represented by RICHARD ALAN CEDEROTH, ROBERT N. HOCHMAN, NATHANIEL C. LOVE, Chicago, IL.  Defendant-cross-appellant Amazon.com, Inc. also represented by JEFFREY H. DEAN, Amzaon.com, Inc., Seattle, WA.

MICHAEL BERTA, Arnold & Porter Kaye Scholer LLP, San Francisco, CA, for defendants-cross-appellants Office-Max, Inc., Macy's, Inc., Macys.com, LLC, Overstock.com, Inc., Recreational Equipment, Inc., iMedia Brands, Inc., B&H Foto & Electronics Corp.  Also represented by RYAN CASAMIQUELA.

_____

Before PROST*, BRYSON, and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

SpeedTrack, Inc. ("SpeedTrack") appeals the United States District Court for the Northern District of California's final judgment of noninfringement, which hinged on the court's claim construction.  We affirm.

BACKGROUND

I

SpeedTrack owns U.S. Patent No. 5,544,360 ("the '360 patent"), which discloses a "computer filing system for

_____

\*    Sharon Prost vacated the position of Chief Judge on May 21, 2021.

accessing files and data according to user-designated criteria." '360 patent Abstract.[1]  The patent explains that prior-art systems "employ a hierarchical filing structure." *Id.* at col. 1 ll. 28–29.  Those systems "emulate[] commonly[ ]used paper filing systems" in that they "organize[] data into files (analogous to papers in a paper filing system) and directories (analogous to file folders and hanging files)." *Id.* at col. 1 ll. 29–41; *see id.* Fig. 1.  According to the patent, such systems could "become[] very cumbersome" when "the number of files becomes large, or if the file categories are not well-defined." *Id.* at col. 2 ll. 6–8.  For example, "a document may logically belong within many different folders." *Id.* at col. 2 ll. 20–21.

This problem had prior-art solutions.  But according to the '360 patent, those presented additional drawbacks. Some prior-art systems enabled a user to "search for files by file word content," *id.* at col. 2 ll. 54–64, but this method was subject to errors like mistyping search queries, *id.* at col. 3 ll. 20–25.  Others permitted searching "relational databases," but these were "usually restricted in two ways: by the field of each data element and by the content of each field." *Id.* at col. 3 ll. 35–45.  The '360 patent, by contrast, discloses a method that uses "hybrid" folders, which "contain those files whose content overlaps more than one physical directory." *Id.* at col. 2 ll. 40–42; *see id.* Fig. 2. According to the patent, this system "allows total freedom from the restrictions imposed by hierarchical and other

---

[1]    The '360 patent, entitled "Method for Accessing Computer Files and Data, Using Linked Categories Assigned to Each Data File Record on Entry of the Data File Record," issued on August 6, 1996.  We assume general familiarity with its subject matter, which we addressed previously in *SpeedTrack, Inc. v. Endeca Techs., Inc.*, 524 F. App'x 651 (Fed. Cir. 2013), and *SpeedTrack, Inc. v. Off. Depot, Inc.*, 791 F.3d 1317 (Fed. Cir. 2015).

present day computer filing systems." *Id.* at col. 3 ll. 63–65.

Representative claim 1 recites a three-step method. First, a "category description table" containing "category descriptions" is created. Relevant to this appeal, the category descriptions "hav[e] no predefined hierarchical relationship with such list or each other" (the "hierarchical limitation").[2]  Second, a "file information directory" is created as the category descriptions are associated with files. Third, a "search filter" is created, which enables searching for files using their associated category descriptions.  The claim recites:

> 1. A method for accessing files in a data storage system of a computer system having means for reading and writing data from the data storage system, displaying information, and accepting user input, the method comprising the steps of:
>
> (a) initially creating in the computer system a category description table containing a plurality of category descriptions, each category description comprising a descriptive name, *the category descriptions having no predefined hierarchical relationship with such list or each other*;
>
> (b) thereafter creating in the computer system a file information directory comprising at least one entry corresponding to a file on the data storage system, each entry comprising at least a unique file identifier for the corresponding file, and a set of category descriptions selected from the category description table; and

---

[2]    Based on the parties' consensus, "such list" refers "to the lists or arrays in the category description table." J.A. 22 & n.1.

(c) thereafter creating in the computer system a search filter comprising a set of category descriptions, wherein for each category description in the search filter there is guaranteed to be at least one entry in the file information directory having a set of category descriptions matching the set of category descriptions of the search filter.

*Id.* at claim 1 (emphasis added).

An example embodiment of a search filter is the virtual "file clerk" of Figure 5, which lists category descriptions (56) under headings called category types (54).



*Id.* Fig. 5. To find a desired file, the user "simply chooses the [category descriptions] in random order from pick lists, making mistyping impossible." *Id.* at col. 10 ll. 26–27. "[A]s the user builds the search filter definition, categories [that] would find no data are automatically excluded as pick list possibilities." *Id.* at col. 10 ll. 27–37; *see also id.* at col. 10 ll. 46–53. This "ensur[es] that the user defines a filter [that] will always find at least one file, thus avoiding wasting time in searching for data that cannot be

matched." *Id.* at col. 10 ll. 21–24.  And although the category descriptions appear under "category type" headings, "the column position of a category is not significant." *Id.* at col. 8 ll. 26–29 ("Columns are used for the convenience of the user in finding relevant categories and for no other reason.").

## II

In September of 2009, SpeedTrack sued various retail website operators, alleging infringement of the '360 patent.[3]  The district court construed the hierarchical limitation on November 8, 2019.  It adopted SpeedTrack's proposed construction:

> The category descriptions have no predefined hierarchical relationship.  A hierarchical relationship is a relationship that pertains to hierarchy.  A hierarchy is a structure in which components are ranked into levels of subordination; each component has zero, one, or more subordinates; and no component has more than one superordinate component.

J.A. 4; *see SpeedTrack, Inc. v. Amazon.com, Inc.*, No. 4:09-CV-04479, 2019 WL 5864630, at \*6 (N.D. Cal. Nov. 8, 2019) ("*Initial Order*").  This parallels the construction adopted in one of SpeedTrack's prior infringement suits (the "*Wal-Mart* construction").  *Initial Order*, 2019 WL 5864630, at \*4; *see SpeedTrack, Inc. v. Wal-Mart Stores, Inc.*, No. C 06-7336, 2008 WL 2491701, at \*9 (N.D. Cal. June 19, 2008).  Along the way, the district court relied in part on "disclaimers made during prosecution."  *Initial Order*,

---

[3]    Including Cross-Appellants: Amazon.com, Inc., Dell, Inc., BestBuy.com, LLC, OfficeMax, Inc., Macy's, Inc., Macys.com, LLC, Overstock.com, Inc., Recreational Equipment, Inc., iMedia Brands, Inc., and B&H Foto & Electronics Corp.

2019 WL 5864630, at *4.  The court rejected Cross-Appellants' proposed construction, which consisted of the first two sentences of the *Wal-Mart* construction and a further requirement that "[a] data field and its associated values have a predefined hierarchical relationship."  *Id.* at *3. Among other reasons, the district court explained that the terms "field" and "value" were "likely to confuse the jury." *Id.* at *5.

SpeedTrack subsequently moved to (1) clarify the district court's construction regarding prosecution-history disclaimer, (2) preclude Cross-Appellants from introducing arguments based on prosecution-history disclaimer to the jury, and (3) strike portions of Cross-Appellants' noninfringement contentions regarding the same.  J.A. 6.  On February 26, 2020, the district court issued a second claim-construction order clarifying its prior construction. J.A. 4–16; *cf. O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").  The court retained the construction presented in its initial order but appended the following clarification:

> Category descriptions based on predefined hierarchical field-and-value relationships are disclaimed. "Predefined" means that a field is defined as a first step and a value associated with data files is entered into the field as a second step.  "Hierarchical relationship" has the meaning stated above.  A field and value are ranked into levels of subordination if the field is a higher-order description that restricts the possible meaning of the value, such that the value must refer to the field.  To be hierarchical, each field must have zero, one, or more associated values, and each value must have at most one associated field.

J.A. 15.  The court noted also that, "[a]s used in the construction, the terms 'field' and 'value' mean nothing more complicated than 'a category' and 'an example of that category' (e.g., 'language' and 'French')."  J.A. 15.  In support of its clarified construction, the court analyzed SpeedTrack's prosecution statements, ultimately concluding that "[t]he prosecution history demonstrates clear and unambiguous disavowal of category descriptions based on hierarchical field-and-value systems."  J.A. 10.

SpeedTrack then stipulated to noninfringement.  J.A. 4217 ("[Cross-Appellants'] accused products and services use field-and-value relationships, as those terms are used in the Court's modified construction.").  The district court entered final judgment of noninfringement.  J.A. 3.  SpeedTrack timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

It is undisputed that Cross-Appellants do not infringe under the district court's clarified construction.  Therefore, we need only decide whether that construction is correct.  We conclude that it is.

The words of a claim "are generally given their ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc).  Claim terms "must be read in view of the specification."  *Id.* at 1315.  And "the prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be."  *Id.* at 1317.  "A patentee may, through a clear and unmistakable disavowal in the prosecution history, surrender certain claim scope to which he would otherwise have an exclusive right by virtue of the claim language."  *Vita-Mix Corp. v. Basic Holding, Inc.*,

581 F.3d 1317, 1324 (Fed. Cir. 2009). We review claim construction based on intrinsic evidence de novo and review any findings of fact regarding extrinsic evidence for clear error. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331–32 (2015).

I

SpeedTrack acknowledges that the '360 patent applicants added the hierarchical limitation during prosecution "[t]o overcome" U.S. Patent No. 5,047,918 ("Schwartz"), Appellant's Br. at 48, and that the applicants "distinguished Schwartz as being different from the amended claims," *id.* at 38. But the parties disagree regarding the effect of this history on the claim scope—in particular, whether the claims cover predefined hierarchical field-and-value relationships. They do not.

In prosecution remarks, the '360 patent applicants distinguished their invention from Schwartz, a system that "assigns user-definable attributes to . . . data files," J.A. 1468, where each attribute has "a user-defined name," such as "author," and where "a user may assign a value to the file attribute," such as "Smith," J.A. 1474.[4] "Unlike prior art hierarchical filing systems," the applicants explained, "the present invention does not require the 2-part hierarchical relationship between fields or attributes, and associated values for such fields or attributes." J.A. 3183. The applicants continued: "At the most basic level, the present invention is a non-hierarchical filing system that allows essentially 'free-form' association of category descriptions to files without regard to rigid definitions of distinct fields containing values." J.A. 3183. In contrast, the applicants observed, Schwartz is a hierarchical system that uses predefined field-and-value relationships:

---

[4]    The '360 patent applicants and the parties use "attributes" interchangeably with "fields."

> Schwartz teaches a data file management machine that enables a user to characterize stored data files according to user-defined "file attributes" (which are the same as conventional fields).  Each file attribute is a variable having a user-defined name such as "author" or "subject matter."  A user may assign a value to the file attribute for each file. . . . Thus, Schwartz is simply a variation of conventional hierarchical file systems, in which fields/attributes are defined in a first step, and values associated with data files are entered into such fields/attributes in a second step.  Importantly, there is also a "hierarchical" relationship between values and fields.  That is, each value MUST correspond to an associated field type.

J.A. 3184.

The applicants went on to illustrate Schwartz, using "Language" as an example of a field and "English" and "French" as examples of values.

For example, under Schwartz, one field may be "Language". Values corresponding to this field may be "English" and "French". A node record might look like this:

Field = "Language"

| Record #1 | FileID #1 | {Location} | English | [other values ...] |
| Record #2 | FileID #2 | {Location} | French | [other values ...] |

J.A. 3185.  The applicants explained that, in Schwartz, "the 'hierarchical' relationship between field values and fields/attributes means that the term 'French' MUST refer to language, and not to any other characteristics of the file (such as food type, culture, travel, etc.)."  J.A. 3185.  "That is," the applicants emphasized, "the values associated with each field have a pre-defined relationship to each other— they must all be of the same type as the field."  J.A. 3185.

Then the applicants differentiated the invention from Schwartz using the same example: "In contrast, the present invention allows a term like 'French' to be defined as a category description, and then that category description can be *directly* associated with any file to mean *anything* that makes sense to the user." J.A. 3185. This time, the applicants included both "English" and "Language" on the same plane—as the "category descriptions" of the claims.

| | | Category Descriptions |
|---|---|---|
| FileID #1 | {Location} | English, Language, Letter, [ *N* other values ...] |
| FileID #2 | {Location} | French, Bread, [ *M* other values ...] |

J.A. 3185. This is because, in the applicants' words, "[t]he invention is essentially 'fieldless.'" J.A. 3185 ("[C]ategory descriptions are not fields; they are directly applied descriptors of files."). Further, the applicants explained, "[n]o pre-existing or pre-defined hierarchical relationship must exist between category descriptions and the list of category descriptions, or between each other." J.A. 3185. Lastly, the applicants stated that the hierarchical limitation was added to capture the distinction presented in these remarks. J.A. 3185 ("This distinction has been clarified in the claims as amended by the addition of the following language in all of the claims: 'each category description comprising a descriptive name, *the category descriptions having no predefined hierarchical relationships with such list or each other.*'").

II

"Prosecution disclaimer can arise from both claim amendments and arguments." *Tech. Props. Ltd. v. Huawei Techs. Co.*, 849 F.3d 1349, 1357 (Fed. Cir. 2017). Here, we have both. On this prosecution record, we agree with the district court's assessment. In no uncertain terms, "the applicant[]s argued that Schwartz had a 'hierarchical' relationship between fields and values that fell outside the scope of the amended claims." J.A. 13. Therefore, the

claims exclude predefined field-and-value relationships as explained by the district court. They are disclaimed.

SpeedTrack interprets the prosecution record differently. According to SpeedTrack, the applicants indicated merely that the "category descriptions" of the '360 patent are not the fields of Schwartz and that the hierarchical limitation precludes predefined hierarchical relationships only among category descriptions.[5] Appellant's Br. at 49, 59. We disagree. The '360 patent applicants repeatedly highlighted predefined hierarchical field-and-value relationships as a difference between Schwartz and the '360 patent.

Further, SpeedTrack's interpretation leads to the paradoxical result that the claims cover hierarchical relationships between fields and values but not among values, even though Schwartz discloses that exact arrangement. *See* Appellant's Br. at 49 (stating that "the hierarchical limitation only applies to 'category descriptions'" and likening category descriptions to values); Oral Arg. at 6:09–18 (recognizing that "Schwartz had a hierarchical relationship between the field and the values" but "did not have a hierarchical relationship between different values.").[6] This could not have distinguished Schwartz. But that is the import of SpeedTrack's position. *E.g.*, Oral Arg. at 3:45–4:18 ("'Language' would be a category and 'French' would be an

---

[5] On this theory, SpeedTrack contends, Cross-Appellants infringe under the district court's initial claim-construction order but not its second one. Appellant's Br. at 34–35. Because SpeedTrack does not dispute noninfringement under the second order and we agree with that order, we do not reach Cross-Appellants' alternative argument that SpeedTrack cannot show infringement even under the initial order. *See* Cross-Appellants' Br. at 57–59.

[6] No. 20-1573, http://www.cafc.uscourts.gov/oral-argument-recordings.

example of that category.  That relationship becomes excluded because of the court's construction.  It shouldn't have been excluded.  It wasn't disclaimed."); *see* Appellant's Br. at 34–35.  That can't be right.

SpeedTrack also contends that the applicants distinguished Schwartz on other grounds.  But that changes nothing.  "An applicant's argument that a prior art reference is distinguishable on a particular ground can serve as a disclaimer of claim scope even if the applicant distinguishes the reference on other grounds as well." *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1374 (Fed. Cir. 2007).  Plus, as Cross-Appellants point out, SpeedTrack's position contradicts its other litigation statements.  For example, SpeedTrack stated the following in a motion:

> The purpose of the amendment was to clarify that the claims, as amended, are distinguished from Schwartz's and Cochran's "field"/"attribute" configuration, which requires a "hierarchical" relationship between values and fields, i.e., each value must correspond to an associated field type (e.g., the term "English" (a value) must be related to the term "Language" (a field)).
>
> . . .
>
> This amendment further distinguished the "category descriptions" from "fields"/"attributes," which, as the inventors explained, have a "hierarchical" relationship between fields and their values, meaning that "the values associated with each field have a pre-defined relationship to each other—they must all be of the same type as the field."

J.A. 1383.

SpeedTrack protests that these litigation statements "are not the inventors' prosecution statements" and therefore do not demonstrate prosecution-history disclaimer.

14                    SPEEDTRACK, INC. v. AMAZON.COM, INC.

Appellant's Reply Br. at 10.  True enough.  But although we do not rest our conclusion of disclaimer on these statements, they are a further reason we are unmoved by Speed-Track's contrary characterization of the prosecution history.  "Ultimately, the doctrine of prosecution disclaimer ensures that claims are not 'construed one way in order to obtain their allowance and in a different way against accused infringers.'"  *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) (quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995)).  That is just what SpeedTrack tries here.  Indeed, SpeedTrack made these statements in an attempt to strike Cross-Appellants' prosecution-history-estoppel defense to SpeedTrack's infringement theory.  J.A. 1384.

We also disagree that there was no clear and unmistakable disclaimer merely because the *Wal-Mart* court and the patent office did not expressly find one.  As to the first, the parties in *Wal-Mart* stipulated to the *Wal-Mart* construction and the *Wal-Mart* defendants obtained their noninfringement judgment based on a different claim term.  2008 WL 2491701, at *9.  As to the second, we agree with the district court that SpeedTrack has shown no indication that the patent office addressed disclaimer of predefined hierarchical field-and-value relationships during reexamination.  J.A. 14.

In a similar vein, SpeedTrack contends that the district court's issuance of a second claim-construction order is evidence that there was no clear and unmistakable disclaimer.  Not so.  The *Initial Order* stated that the court's construction "accounts for the disclaimers made during prosecution."  2019 WL 5864630, at *4.  The court's second order articulated the impact of that construction on field-and-value systems, at SpeedTrack's urging.  Both orders acknowledged the disclaimer.

## III

Cross-Appellants also argue that the claims recite patent-ineligible subject matter and are invalid for indefiniteness. Once we address infringement, we generally must address invalidity. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 102 (1993). But we need not here. Cross-Appellants state that if we "affirm[] the judgment of noninfringement, [they] will voluntarily dismiss their cross-appeal, because the '360 patent expired more than six years ago." Cross-Appellants' Br. at 59. Therefore, we do not reach the cross-appeal.

### CONCLUSION

We have considered SpeedTrack's remaining arguments and find them unpersuasive. For the reasons above, we hold that the district court's claim construction is correct. We therefore affirm the district court's final judgment of noninfringement.

## **AFFIRMED**