NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NG LLC,**
*Plaintiff-Appellant*

**v.**

**CREATEDHAIR DESIGNS, LLC, CREATEDHAIR, INC.,**
*Defendants-Appellees*

---

2024-1599

---

Appeal from the United States District Court for the Central District of California in No. 2:21-cv-08086-JAK-RAO, Judge John A. Kronstadt.

---

Decided:  September 16, 2025

---

JOSEPH KUO, Saul Ewing Arnstein & Lehr LLP, Chicago, IL, argued for plaintiff-appellant.  Also represented by BRIAN MICHALEK, ELIZABETH A. THOMPSON.

LANCE G. JOHNSON, Johnson Legal PLLC, Fairfax, VA, argued for defendants-appellees.

---

Before LOURIE, PROST, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Plaintiff-Appellant NG LLC appeals the decision of the United States District Court for the Central District of California granting summary judgment of non-infringement as to the asserted claims of U.S. Patent Nos. 10,945,477 and 10,881,159. NG challenges the district court's (1) claim construction for the term "the wig grip apparatus terminates at the forward periphery," and (2) application of prosecution history estoppel to bar NG's doctrine of equivalents argument. For the reasons discussed below, we affirm.

I

We begin with the construction of the claim term "the wig grip apparatus terminates at the forward periphery," U.S. Patent No. 10,881,159 col. 4 ll. 41–42,[1] which the district court construed according to its plain and ordinary meaning—i.e., that "the forward periphery of the mesh element is the most forward portion of the wig grip apparatus." J.A. 12.

We review claim construction based on intrinsic evidence de novo and review factual findings about extrinsic evidence for clear error. *SpeedTrack, Inc. v. Amazon.com*, 998 F.3d 1373, 1378 (Fed. Cir. 2021) (citing *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 331–32 (2015)). "When the meaning or scope of a patent claim is disputed by litigants, the judicial role is to construe the claim . . . [by] look[ing] first to the intrinsic record of the patent document, including 'the words of the claims themselves, the

---

[1]    Claim 1 of the '159 patent is illustrative for purposes of this appeal, as the '159 patent is a continuation of the '477 patent and the parties make no differentiating arguments between the intrinsic records of the two patents. This opinion thus cites to claim 1, the specification, and the prosecution history of the '159 patent.

remainder of the specification, the prosecution history, and extrinsic evidence.'" *Nature Simulation Sys. Inc. v. Autodesk, Inc.*, 50 F.4th 1358, 1363 (Fed. Cir. 2022) (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc)).

We start, as we normally do, with the claim language. *Sequoia Tech., LLC v. Dell, Inc.*, 66 F.4th 1317, 1323 (Fed. Cir. 2023). Claim 1 of the '159 patent specifies that the wig grip apparatus comprises a mesh element wherein "the mesh element includes a forward periphery" and "the wig grip apparatus terminates at the forward periphery." '159 patent col. 4 ll. 38–42. This language suggests that the entire wig grip apparatus of claim 1 terminates at the forward periphery of the mesh element because the wig grip encompasses the mesh element, and the wig grip terminates at the forward periphery of the mesh element. We agree with the district court that the phrase "terminates at the forward periphery" most reasonably means that the forward periphery of the mesh element is the forward-most element of the wig grip apparatus, and other parts of the wig grip apparatus (including the two securement members) cannot extend beyond it.

NG contends that construing the term to mean "the forward periphery of the mesh element is the most forward portion of the wig grip apparatus" reads a limitation into the term. NG argues the term should instead be given its plain and ordinary meaning, with "terminates at" being understood to convey that the wig grip apparatus comes to an end but still allows for the wig grip apparatus to end at other points as well. And under this proposed construction, other portions of the wig grip apparatus may extend beyond the forward periphery of the mesh portion. We are not persuaded. The limitation "the wig grip apparatus terminates at the forward periphery" would be meaningless if the wig grip apparatus can also "terminate[] at" any other

point along its border.[2]  *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 951 (Fed. Cir. 2006) ("[C]laim language should not [be] treated as meaningless.").

We next turn to the specification, which discusses the position of the mesh element's forward periphery in relation to the two securement members, stating: "[T]he securement members 108 and 114 may each include a forward edge 126 and . . . [t]he mesh element 120 may include a frontal segment 130 having a forward periphery 132, and the forward periphery 132 may preferably be in alignment with the forward edges 126."  '159 patent col. 2 l. 63–col. 3 l. 1.  The district court's construction does not preclude this preferred embodiment because the mesh element is still the most forward portion of the wig grip apparatus even if other elements terminate at the same point. And NG does not point to any language in the specification that explicitly precludes the district court's construction.

The prosecution history also supports this construction.  The relevant limitation was not part of the original claims in the application, which were rejected on a number of grounds.  After the initial rejection, during an interview with the examiner, the applicant addressed "the extension of the middle mesh section of the instant invention to the forward edge of the wig grip apparatus as a distinguishing feature" from the prior art.  J.A. 187.  The applicant then submitted claim amendments, adding the language that "the wig grip apparatus lacks non-transparency beyond the forward periphery."  J.A. 174.  After this proposed amendment, another interview was conducted in which the examiner "suggested changing the language of 'the wig grip

---

[2]    At oral argument, NG could not persuasively explain why its claim construction did not render the limitation meaningless.  *See* Oral Arg. at 19:49–21:20, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=24-1599_08042025.mp3.

apparatus lacks non-transparency beyond the forward periphery' since it was unclear." J.A. 171. The applicant "agreed to change the limitation to state 'the wig grip apparatus terminates at the forward periphery' to overcome the [§] 112 rejection and to overcome the prior art of record and put the application in condition for allowance." *Id.* This exchange during prosecution appears to support the district court's construction, and at the very least, NG does not point to anything in the prosecution history that precludes the construction.

We thus agree with the district court's construction that the claim term "the wig grip apparatus terminates at the forward periphery" means "the forward periphery of the mesh element is the most forward portion of the wig grip apparatus."

## II

We now turn to NG's challenge to the district court's summary judgment of non-infringement. Under the district court's claim construction, adopted above, NG conceded there is no literal infringement. NG contends, however, that the district court erred in applying prosecution history estoppel to NG's doctrine of equivalents argument.

We apply the regional circuit's standard of review when reviewing a grant of summary judgment. *Pharma Tech Sols., Inc. v. LifeScan, Inc.*, 942 F.3d 1372, 1379–80 (Fed. Cir. 2019) (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016)). "The Ninth Circuit reviews a district court's grant of summary judgment de novo." *Id.* at 1380 (citing *Forester v. Chertoff*, 500 F.3d 920, 923 (9th Cir. 2007)). "Whether prosecution history estoppel applies, and thus whether the doctrine of equivalents is available for a particular claim limitation, is a question of law reviewed de novo." *Spectrum Pharms., Inc. v. Sandoz Inc.*, 802 F.3d 1326, 1337 (Fed. Cir. 2015).

As discussed above, the narrowing limitation "the wig grip apparatus terminates at the forward periphery" was added during prosecution to overcome the examiner's rejection of the claims either as anticipated by Walsh[3] or as obvious in view of Becker[4] and other secondary references. "A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002). NG contends, however, that it can rebut the presumption that estoppel applies here because the reason for its amendment to the claims was no more than "tangential[ly] relat[ed]" to the equivalent it is attempting to capture in this case. Appellant's Br. 41 (quoting *Festo*, 535 U.S. at 740–41). We are not persuaded.

Here, after the initial rejection, the applicant argued to the examiner that "the extension of the middle mesh section of the instant invention to the forward edge of the wig grip apparatus [i]s a distinguishing feature" from Walsh and Becker. J.A. 187. This statement alone undermines NG's contention that a skilled artisan could objectively read the amendment to be only tangentially related to the doctrine of equivalents argument it makes trying to recapture wig grips where the "middle mesh section" is *not* extended "to the forward edge of the wig grip." *See id.*; *see also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1369 (Fed. Cir. 2003) ("[T]he inquiry into whether a patentee can rebut the *Festo* presumption under the 'tangential' criterion focuses on the patentee's objectively apparent reason for the narrowing amendment. . . . [T]hat reason should be discernible from the prosecution history record, if the public notice function of a patent and its prosecution history is to have significance.").

---

[3]    U.S. Patent No. 5,265,280.
[4]    U.S. Patent No. 5,806,535.

NG nonetheless argues that the amendment was only tangential to the location of the mesh section because the amendment was added to clarify that there are no opaque, visible structures in front of the mesh element.  But the applicant initially amended its claims by adding the limitation "the wig grip apparatus lacks non-transparency beyond the forward periphery."  J.A. 174.  The examiner instead "suggested changing the language of 'the wig grip apparatus lacks non-transparency beyond the forward periphery' since it was unclear as to what 'lacks non-transparency' is and it was also unclear as to what was considered 'beyond the forward periphery.'"  J.A. 171.  The applicant then "agreed to change the limitation to state 'the wig grip apparatus terminates at the forward periphery' to overcome the [§] 112 rejection and to overcome the prior art of record."  *Id.*

Based on this record, we agree with the district court's application of prosecution history estoppel to NG's doctrine of equivalents argument and thus see no error in the court's decision to grant summary judgment of non-infringement to Defendants-Appellees CreatedHair Designs, LLC and CreatedHair, Inc.

## III

We have considered NG's remaining arguments and find them unpersuasive.  Because (1) we adopt the district court's claim construction of "the wig grip apparatus terminates at the forward periphery," (2) NG concedes that there is no literal infringement under this construction, and (3) we see no error in the district court's application of prosecution history estoppel to NG's doctrine of equivalents argument, we affirm the district court's grant of summary judgment of non-infringement as to the asserted claims of the '159 and '477 patents.

## AFFIRMED